NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE FUNES-CARRILLO, | No. 20-71056 |
| Petitioner, | Agency No. A076-666-305 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Jorge Funes-Carrillo, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny in part and dismiss in part the petition for review.

The BIA did not err in declining to consider Funes-Carrillo's arguments regarding a family-based particular social group that were raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider a particular social group raised for the first time on appeal); *see also Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 191 (BIA 2018) (an applicant "has the burden to clearly indicate the exact delineation of any particular social group(s) to which she claims to belong" (internal quotation marks and citation omitted)).

The BIA did not err in concluding that Funes-Carrillo failed to establish membership in a cognizable particular social group based on being victimized by gangs. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct

within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) ("[A] particular social group must exist independently of the harm asserted . . . .").

To the extent Funes-Carrillo raises a new particular social group in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Thus, Funes-Carrillo's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Funes-Carrillo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**